# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

August 02, 2018

Mr. Tony R. Moore
Western District of Louisiana, Lake Charles
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 18-30011   Joseph Chhim v. Golden Nugget Lake Charles
    USDC No. 2:16-CV-1094

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                  Sincerely,

                  LYLE W. CAYCE, Clerk

                  By: _/s/Lisa Ferrara_____
                  Lisa Ferrara, Deputy Clerk
                  504-310-7675

cc w/encl:
    Mr. Joseph Chhim
    Ms. Kathlyn Gloria Perez

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30011
Summary Calendar

D.C. Docket No. 2:16-CV-1094

United States Court of Appeals
Fifth Circuit
**FILED**
July 11, 2018
Lyle W. Cayce
Clerk

JOSEPH CHHIM,

    Plaintiff - Appellant

v.

GOLDEN NUGGET LAKE CHARLES, L.L.C., improperly referred to as Golden Nugget Casino Lake Charles,

    Defendant - Appellee

Appeals from the United States District Court for the
Western District of Louisiana

Before REAVLEY, GRAVES, and HO, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.



A True Copy
Certified **Aug 02, 2018**

*Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30011
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 11, 2018
Lyle W. Cayce
Clerk

JOSEPH CHHIM,

        Plaintiff-Appellant,

v.

GOLDEN NUGGET LAKE CHARLES, L.L.C., improperly referred to as Golden Nugget Casino Lake Charles,

        Defendant-Appellee.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-1094

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant Joseph Chhim, who proceeds in this action *pro se*, appeals from the district court's grant of summary judgment in favor of Defendant-Appellee Golden Nugget Lake Charles, L.L.C. ("Golden Nugget"), on his claims that Golden Nugget failed to hire him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* For the reasons that follow, we affirm.

---

    * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Case: 18-30011   Document: 00514582679   Page: 2   Date Filed: 08/02/2018
Case 2:16-cv-01094-DEW-KK   Document 46   Filed 08/02/18   Page 4 of 6 PageID #: 377

No. 18-30011

In June 2014, Golden Nugget was in the midst of a mass recruiting effort to attract employment candidates in advance of the December 2014 opening of its casino resort in Lake Charles, Louisiana. Chhim, a now-seventy-three-year old U.S. citizen of Cambodian descent, applied for a position as facilities supervisor through Golden Nugget's online application system. His application was automatically rejected. In a subsequent email exchange, Golden Nugget's Director of Human Resources, Laura Jasso, informed Chhim that the rejection was due to his failure to complete an online assessment, required of all employment applicants, that is designed to gauge an applicant's strength in customer service and engagement. Chhim completed the assessment, scoring a twelve percent—well below the recommended minimum of thirty percent. Based on this low score, Golden Nugget's system generated and sent an automated rejection to Chhim on July 12, 2014. Golden Nugget never filled the position for which Chhim applied.

Chhim later filed the instant action, alleging that Golden Nugget discriminated against him on the basis of race, national origin, and age by not hiring him as facilities supervisor. The district court granted summary judgment in favor of Golden Nugget, and Chhim timely appealed.

We review a grant of summary judgment *de novo*, applying the same standards as the district court. *Ezell v. Kan. City S. Ry. Co.*, 866 F.3d 294, 297 (5th Cir. 2017). Summary judgment "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam). We construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *R & L Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).

In both Title VII and ADEA failure-to-hire cases based on circumstantial evidence, federal courts analyze plaintiffs' claims using the well-trod framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S.

792 (1973). *See, e.g., Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 n.2 (5th Cir. 2002) ("This circuit applies the *McDonnell Douglas* rubric to both Title VII and ADEA claims."). As this court explained to Chhim in a previous appeal, under this framework, a plaintiff must first establish a prima facie case of discrimination by demonstrating that "(1) he is a member of a protected class; (2) he was qualified and applied for the job; (3) the employer rejected him for the job despite his qualifications; and (4) a similarly situated applicant outside the protected class was hired." *Chhim v. Univ. of Tex.*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam); *see also Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 408 (5th Cir. 2016); *Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001). It is undisputed that Chhim satisfies the first prong of this test as well as half of the second (he applied for the facilities supervisor position) and half of the third (Golden Nugget rejected him). But even if we were to assume that Chhim was qualified for the job (the district court found he was not) and that he was rejected despite those qualifications, he has failed to establish a genuine issue on the fourth prong, because he has offered no evidence to refute Golden Nugget's contention, supported by competent evidence, that the facilities supervisor position was never filled. Specifically, Golden Nugget submitted a declaration by Elizabeth Guest, Manager of Corporate Recruiting for Landry's Management, LP, a company that provides human resources support to Golden Nugget, attesting that Golden Nugget never hired anyone to fill the position for which Chhim applied.

Although we usually draw reasonable inferences in favor of the nonmoving party in reviewing a summary judgment motion, we do so only where both parties have submitted evidence of contradictory facts; we cannot assume, in the absence of proof, that the nonmoving party could or would prove the necessary facts. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Golden Nugget proffered evidence on the fourth prong of the prima facie case,

Case: 18-30011 Document: 00514582679 Page: 4 Date Filed: 08/02/2018
Case 2:16-cv-01094-DEW-KK Document 46 Filed 08/02/18 Page 6 of 6 PageID #: 379

No. 18-30011

and Chhim proffered nothing to counter it. Thus, he fails to satisfy this prong, which alone is fatal to his claims. *E.g.*, *McClaine v. Boeing Co.*, 544 F. App'x 474, 477 (5th Cir. 2013) (per curiam). His status as a pro se litigant does not alter this conclusion. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general willingness to construe pro se filings liberally, we still require pro se parties to fundamentally abide by the rules that govern the federal courts. . . . Pro se litigants must properly . . . present summary judgment evidence . . . ." (citations and internal quotation marks omitted)).

The judgment of the district court is **AFFIRMED**.